UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
MARILYN ALVERANGA,

                 Petitioner.

   -against-

MORRIS G. WINSTON, et al.,

                 Respondent.
---------------------------------------------------------------- X

04 CV 4356 (ARR)

<u>NOT FOR PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

     The court received the Report and Recommendation on the instant case dated November 22, 2005 from the Honorable Cheryl L. Pollak, United States Magistrate Judge. Judge Pollak found that defendant Winston G. Morris[1] did not provide written consent to removal within the thirty day period set forth in 28 U.S.C. § 1446(b). Based on this finding, Judge Pollak recommended that remand is appropriate and that plaintiff is entitled to reasonable costs and attorney's fees incurred as a result of defendants' defective removal. Defendants filed timely objections on December 6, 2005. For the reasons set forth below, the court construes Judge Pollak's Report and Recommendation as an order on a nondispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and concludes that no portion of Judge Pollak's order is clearly erroneous or contrary to law. Thus, the court affirms Judge Pollak's order to remand this case to state court and award reasonable costs and attorney's fees to plaintiff.

     By order dated November 4, 2004, the court referred plaintiff's motion to remand to state

---

[1] Defendants' counsel has notified the court that Defendant Winston G. Morris is incorrectly named "Morris G. Winston" in the caption. The court will use the correct name, "Winston G. Morris" throughout this opinion.

1

court to Judge Pollak pursuant to 28 U.S.C. § 636(b)(1)(A). Judge Pollak filed a "Report and Recommendation" pursuant to Fed. R. Civ. P. 72(b). A motion to remand, however, is a nondispositive matter. See Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005); Mahl Bros. Oil Co v. St. Paul Fire & Marine Ins. Co., 307 F. Supp. 2d 474, 478 (W.D.N.Y. 2004); Amalgamated Local Union No. 55 v. Fibron Prods., Inc., 976 F. Supp. 192, 194 n.1 (W.D.N.Y. 1997). But see H.M.S. Mech. Sys., Inc. v. Carrier Corp., 04 Civ. 6685, 2004 U.S. Dist. Lexis 24911, at *1 n.1 (S.D.N.Y. Nov. 24, 2004) (recognizing that "the matter is not entirely free from doubt," but relying on appellate-level decisions from other circuits to conclude that motions to remand are dispositive for the purposes of 28 U.S.C. § 636(b)(1)(A)). Although the Second Circuit has not spoken on this matter and there appears to be a lack of unanimity on this question within the circuit, see Meier, 371 F. Supp. 2d at 242, this court concludes that a motion to remand is nondispositive because such a motion does not dispose of the parties' claims on the merits nor does it in any way end the litigation. In fact, "a remand order guarantees that a pending lawsuit will continue, albeit in a different forum." Id. at 243. In that sense, an order to remand is analogous to an order transferring venue, which is within the magistrate judge's discretion. See, e.g., Shenker v. Murasky, 95 Civ. 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996). Given that a motion to remand is nondispositive, the court will construe Judge Pollak's "Report and Recommendation" as an order on a nondispositive motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Accordingly, the court will review defendants' objections to Judge Pollak's order to remand under a clearly erroneous standard.

Judge Pollak concluded that remand is appropriate because defendants did not comply with the procedural requirement of unanimous consent by defendants for removal. More

specifically, Judge Pollak found that the evidence did not demonstrate that Mr. Morris consented to removal by the time of filing on October 7, 2004. Defendants object to this conclusion on the basis that Mr. Morris's attorney, Mr. Fitch, had the authority to consent to removal on behalf of his client and exercised that authority. While an attorney may have authority to consent to removal on behalf of his client pursuant to Rule 11 of the Federal Rules of Civil Procedure, implicit in Judge Pollak's order is the conclusion that Mr. Morris may not have been Mr. Fitch's client at the time that the notice of removal was filed. Judge Pollak noted at least three facts that support the inference that defense counsel was not representing Mr. Morris at the time the notice of removal was filed: (1) defense counsel notified plaintiff that he would be appearing on behalf of both defendants, Hertz Canada and Mr. Morris, but realized that the complaint presented a potential conflict of interest and tried to contact Mr. Morris to notify him of the issue; (2) defense counsel did not have any communication with Mr. Morris prior to filing the notice of removal; and (3) defense counsel filed an answer dated October 11, 2004 on behalf of Hertz Canada with a cross-claim against Mr. Morris.

Defendants argue that Judge Pollak's assumption that Mr. Morris was not represented by defense counsel at the time the notice of removal was filed is unwarranted because the facts demonstrate that defense counsel mistakenly filed a cross-claim against his own client and that defense counsel remedied that mistake and is currently representing Mr. Morris. Defendants' argument is without merit. Defendants have the burden of establishing that removal was proper and that they complied with the necessary procedural requirements, which includes unanimous consent to removal. See Tate v. Mercedes-Benz USA, 151 F. Supp. 2d 222, 223-34 (N.D.N.Y. 2004). Here, defendants have offered no proof rebutting the reasonable inference that Mr. Morris

3

was not represented by defense counsel at the time the notice of removal was filed. Instead, defense counsel has only established that he currently represents both Mr. Morris and Hertz Canada. Thus, defendants have not met their burden of establishing that they fulfilled the procedural requirement of unanimous consent by proving that Mr. Morris consented to removal, either by himself or through his attorney.

Based on the foregoing reasons, the court concludes that Judge Pollak's order to remand was not clearly erroneous or contrary to the law. Accordingly, the court affirms Judge Pollak's order to remand the instant action to state court and award plaintiff reasonable costs and attorney's fees incurred as a result of the defective removal.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: December 9, 2005
Brooklyn, New York

SERVICE LIST:

<u>Plaintiff's Counsel</u>
Sandra R. Schiff
110 Wall Street
16th Floor
New York, NY 10005

<u>Defendants' Counsel</u>
Robert A. Fitch
Newman, Fitch, Altheim, Meyers, P.C.
14 Wall Street 22nd Floor
New York, NY 10005